## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 6:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy Liggin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 24, 2016<br><br>Court of Appeals Case No.<br>34A04-1511-CR-2041<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Jr., Judge<br><br>Trial Court Cause No.<br>34D01-0804-FB-283 |

**Vaidik, Chief Judge.**

# Case Summary

Troy Liggin was ordered, as a condition of his probation, to attend and complete the Howard County Reentry Court Program. As a condition of that program, the trial court ordered Liggin not to have any contact with Holly Turner and not to have her at his house. When Turner was later discovered in Liggin's house when he was not there, he was terminated from the program.

Liggin contends that the evidence is insufficient to support his termination from the reentry-court program. Because the evidence shows that Liggin took reasonable steps to comply with the court's order—including staying at his sister's house, asking his landlord to remove Turner from the lease and to change the locks, and posting a note on the door that Turner was not allowed to be there—we reverse his termination from the reentry-court program (and the revocation of his probation that was based on his termination from the program) and remand this case for proceedings consistent with this decision.

# Facts and Procedural History

In 2010, Liggin was charged with ten counts of dealing and possessing various drugs. He agreed to plead guilty to one of these counts: Class C felony dealing in a Schedule IV controlled substance. The trial court sentenced him to eight years, with four years executed and four years suspended to supervised probation.

[4]     Liggin later violated his probation, and in October 2014 the trial court sentenced him to 180 days of his previously suspended sentence to be served on in-home detention. Liggin then again violated the conditions of his in-home detention, and in February 2015 the court sentenced him to 194 days of his previously suspended sentence to be served in jail, extended his probation period, and ordered him, as a specific condition of probation, to attend and complete the reentry-court program.

[5]     The trial-court judge orally ordered Liggin, as a condition of his participation in the reentry-court program, not to have any contact with Turner and not to have her at his house. Tr. p. 2-3. At that time, Turner and Liggin were both on the lease to his house. Liggin submitted an application with Brian Day, his Reentry Court Case Manager, to change his address from his house to his sister's house. *Id.*; *see also* Ex. A (Liggin listed his reasons for moving as "Judge" and "put myself in better invoriment [sic]"). In late June, Liggin was moving back and forth between his house and his sister's house. Tr. p. 13.

[6]     On July 6, 2015, Liggin called the police about a conflict between him and Turner, and on or around that date, Liggin renegotiated the lease with his landlord to have Turner removed from the lease, so that she would have no right to be at his house. Liggin told Doug Hoover, the Reentry Court Field Officer, that he left a note on the front door of his house that Turner was not allowed to be there. Although Liggin asked his landlord to change his locks, his landlord said no. On July 13, 2015, Day told Liggin to change the locks even though his landlord would not do so. But the very next day, before Liggin

could change the locks, Hoover discovered Turner with her three children doing laundry at Liggin's house. Liggin was not in the house at that time and there were no signs of forced entry.

[7] Day filed a notice to terminate Liggin's participation in the reentry-court program for allowing "Turner to stay at his home contrary to the direct Order of the Court." Appellant's App. p. 189. After a hearing, the trial court found that Liggin violated the trial court's order that he was to have no contact with Turner. Accordingly, the trial court terminated Liggin's participation in the reentry-court program and gave the State seventy-two hours to file a formal petition to revoke Liggin's probation. The State then timely filed a petition to revoke Liggin's probation based on his termination from the program. The trial court found that Liggin violated his probation and sentenced him to serve the balance of his previously suspended sentence, 1152 days.

[8] Liggin now appeals.

# Discussion and Decision

[9] Liggin contends that the evidence is insufficient to prove that he violated the condition of his participation in the reentry-court program that he was not to have any contact with Turner and not to have her at his house.[1] A reentry court

___

[1] The trial court took judicial notice that it orally ordered Liggin, as a condition of his participation in the reentry-court program, not to have any contact with Turner and not to have her at his house. To the extent that Liggin argues on appeal that the trial court erred by taking judicial notice, we note that Liggin concedes

is "a problem solving court that is focused on the needs of individuals who reenter the community after a period of incarceration and that may provide a range of necessary reintegration services . . . ." Ind. Code § 33-23-16-9. A reentry court may terminate an individual's participation in the program if the individual has violated at least one of the conditions of the individual's participation agreement or case-management plan. Ind. Code § 33-23-16-14.5(a). The State must prove the violation by a preponderance of the evidence. *Id.* at (c). In addressing sufficiency-of-the-evidence challenges in cases like these, we consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) (citing *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)).

[10] Although Hoover found Turner in Liggin's house on July 14, 2015, when Liggin was not there, there is no evidence that Liggin knew Turner was there or allowed her to be there. Rather, the evidence shows that Liggin took reasonable steps to comply with the court's order and to keep Turner away from him and his house: he applied to change his address, stayed at his sister's house, called the police when he was having a conflict with Turner, asked the landlord to remove Turner from the lease, asked the landlord to change the locks, and posted a note on the door that Turner was not allowed to be there.

on appeal that he "knew he was not to be around Holly Turner." Appellant's Br. p. 3. We therefore treat the trial court's oral order as a condition of Liggin's participation in the reentry-court program.

Moreover, the alleged violation happened only one day after Day told Liggin to change the locks notwithstanding the landlord's objection. Because we find that the evidence is insufficient to prove that Liggin violated a condition of his participation in the reentry-court program, we reverse his termination from the program (and the revocation of his probation that was based on his termination from the program) and remand for further proceedings consistent with this decision.

[11] Reversed and remanded.

Barnes, J., and Mathias, J., concur.